IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


MICHAEL TEREL JONES,                :

        Plaintiff,           :

    vs.                             Case No. 3:04cv373
                                    :
GENERAL MOTORS CORPORATION,         JUDGE WALTER HERBERT RICE
et al.,                             :

        Defendants.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #74) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING, REQUEST TO STRIKE ANSWER PROVIDED TO THE COURT, REQUEST FOR LEAVE OF COURT TO PROPERLY CERTIFY ANSWER TO THE COURT AND FOR 30-DAY EXTENSION FOR ANSWER (DOC. #75) OVERRULED; MOTIONS FOR SUMMARY JUDGMENT OF DEFENDANTS IUE-CWA LOCAL 798 (DOC. #63) AND GENERAL MOTORS CORPORATION (DOC. #66) SUSTAINED; NOTE TO CLERK OF COURTS REFERENCE DOC. #59; CAPTIONED CAUSE REFERRED, ONCE AGAIN, TO MAGISTRATE JUDGE FOR SPECIFIC PURPOSES; THIS DECISION AND ENTRY IS <u>NOT</u> A FINAL, APPEALABLE ORDER; DIRECTIVE TO CLERK OF COURTS OFFICE; THE CAPTIONED CAUSE REMAINS OPEN

---

Pursuant to the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge, filed April 14, 2006 (Doc. #74), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts said Report and Recommendations in their

entirety. The Motions for Summary Judgment of Defendant IUE-CWA Local 798 (Doc. #63) and General Motors Corporation (Doc. #66) are sustained. The Plaintiff's opposition [deemed as Objections] to the Magistrate Judge's Report and Recommendations, Request for a Motion to Strike Answer Plaintiff provided to the Court [construed as a request to file a supplemental memorandum contra the aforesaid Motions for Summary Judgment, supported by proper Rule 56 materials], Request for Leave of Court to properly certify Answer to Court (a request to submit proper Rule 56 evidence in opposition to the Motions for Summary Judgment) and 30-day extension for Answer [deemed as a request for a 30-day period of time within which to properly comply with Fed. R. Civ. P. 56] are, each in their entirety, overruled. In so ruling, this Court notes that the Plaintiff was twice cautioned by the Magistrate Judge (Docs. #10 and #65) that "under Fed. R. Civ. Proc. 56, a party faced with a motion for summary judgment cannot rely merely on the claims he or she has made in the Complaint, but must respond with evidence which shows that there is a genuine issue of material fact for trial in the case. The evidence must be of the same quality as would be admissible at the trial in the case." While such a cautionary communication is one easily understood by lawyers, it may well be less so by *pro se* litigants. However, the Magistrate Judge does refer the Plaintiff to Rule 56 of the Federal Rules of Civil Procedure, a direction which, had Plaintiff followed, there would have been no need for a request to resubmit a memorandum in opposition to the Motions for Summary

Judgment, with proper Rule 56 materials appended thereto. The Court has overruled the Defendants' Objections, etc., for a number of reasons. First, the Court concludes that the Plaintiff was properly notified as to the quality of the evidence that must be submitted in response to the Defendants' materials; second, to give the Plaintiff a "second bite at the apple," after having received sufficient notification of his obligations with regard to his response to the Defendants' Motions, would bring an element of unfairness to the Defendants were this Court to allow additional filings; and third, based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #74), and in the specific Response of the Defendant General Motors to Plaintiff's opposition to the Magistrate Judge's Report and Recommendations (Doc. #76), this Court is not convinced that the Plaintiff's attempts to submit a supplemental memorandum contra, with proper Rule 56 materials attached, would be anything but futile.

     This Court takes note, and wishes the Clerk of Courts Office to do the same, that Doc. #59 is not a pending motion for summary judgment. Rather, it is a Motion for Summary Judgment filed by the Defendant General Motors which was stricken and later refiled, thus superseding the earlier filing, at Doc. #66. Docket number 59 should not be listed as a pending motion.

     The captioned cause is referred, once again, to the United States Magistrate Judge for two specific purposes: First, to prepare a Report and Recommendations

with regard to the Defendant Moraine Assembly Plant, upon which there is no evidence in the record that service was made (see Doc. #32), even assuming, *arguendo*, that same is *sui juris*; and, second, to prepare a Report and Recommendations regarding the disposition of the Plaintiff's claims against Defendant, Dr. Mark Reynolds, upon whom service was made (see Doc. #14-3) and against whom the Clerk of Courts was directed to enter default (Doc. #26). The Magistrate Judge deferred the entry of a default judgment, pending further procedures (id.), procedures which were executed by the Plaintiff in a filing on June 29, 2005 (Doc. #29). Defendant Reynolds is still in default of appearance of any kind. However, the Magistrate Judge may wish to note that Plaintiff's examination by Dr. Reynolds took place on August 18, 2003, and that the captioned cause was not filed until October 21, 2004, beyond the applicable one-year statute of limitations.

Nothing in this Decision and Entry is meant to be a final, appealable Order. The Clerk of Courts is directed not to enter final judgment on any aspect of this Decision and Entry.

/s/ Walter Herbert Rice

March 30, 2007      WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Michael Terel Jones, Pro Se
Jeffrey Scott Shoskin, Esq.
Chief Magistrate Judge Michael R. Merz