# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL TEREL JONES,
:
       Plaintiff,                                Case No. 3:04-cv-373

                                  :        District Judge Walter Herbert Rice
      -vs-                                    Chief Magistrate Judge Michael R. Merz

GENERAL MOTORS CORPORATION,
  et al.,
:
       Defendants.

## REPORT AND RECOMMENDATIONS ON REMANDED MATTERS

This case is before the Court on remand from the District Judge for reports and recommendations on two matters:

1. Any issues of liability respecting named Defendant "Moraine Assembly Plant";

2. Plaintiff's claims against Dr. Mark Reynolds

(Decision and Entry, Doc. No. 79, at 3-4).

### The Moraine Assembly Plant

The Magistrate Judge notes that Plaintiff named the Moraine Assembly Plant as a Defendant in the caption of his Complaint and on page four of the Complaint (Doc. No. 2). He alleges at ¶ 15 that the Moraine Assembly Plant is "owned wholly by the General Motors Corporation..." Nowhere in the Complaint does he allege a separate corporate existence for this entity, nor does he allege any actions committed by or on behalf of this entity apart from its existence as a General Motors plant

for which General Motors is responsible.

While process was issued as to the Moraine Assembly Plant (Doc. No. 4), no return was filed by the United States Marshal for that process with the other returns (See Doc. No. 14).[1] Eventually, on September 29, 2005, the United States Marshal made return, indicating "green card[2] has never been returned." (Doc. No. 32). General Motors nevertheless on January 3, 2005, answered the Complaint on behalf of itself and Moraine Assembly Plant (Doc. No. 7). No defense of improper service, lack of service, lack of corporate status, or lack of personal jurisdiction was raised. One week after the Answer was filed, Jeffrey Shoskin was substituted as counsel of record for General Motors Corporation with no mention of the Moraine Assembly Plant (Doc. No. 11). He promptly filed a First Amended Answer on behalf of GM without mentioning Moraine Assembly Plant as a Defendant (Doc. Nos. 12-13). The laboring oar in defending GM was then assumed by attorney William Gaus of the San Francisco law firm of Dillingham and Murphy, who appeared *pro hac vice* (Doc. No. 23). No further mention of the Moraine Assembly Plant as a Defendant is made until the District Judge's Decision and Entry of March 30, 2007.

If the Court assumes *arguendo*, as the District Judge suggests, that the Moraine Assembly Plant is *sui juris* (Decision and Entry, Doc. No. 79, at 4), it would have waived any objection to lack of service of process by its failure to raise that objection in its Answer or First Amended Answer. Fed. R. Civ. P. 12(h)(1).

Instead, the Magistrate Judge recommends that the Court treat Plaintiff's naming of Moraine Assembly plant as a Defendant as surplusage. In fact, all parties actually treated General Motors

---

[1] The Returns of Service show that at least the Summonses for General Motors, Dr. Reynolds, and the IUE were tendered to the United States Marshal for service with USM Form 285's. Upon request, the Marshal makes service for parties proceeding *in forma pauperis*. 28 U.S.C. §1915.

[2] The "green card" in this case is the receipt form on green pasteboard used by the United States Postal Service; it has no relationship to the "green card" issued to resident aliens.

as the responsible employer entity for acts involving the Plaintiff and the issues involving possible liability of the General Motors' employees working with and supervising Plaintiff at the General Motors Moraine Assembly Plant were fully litigated on that party's Motion for Summary Judgment. It is accordingly recommended that the Court, pursuant to Fed. R. Civ. P. 21, drop the "Moraine Assembly Plant" as a named Defendant.

### Dr. Mark Reynolds

Defendant Mark Reynolds was purportedly properly served with a Summons and the Complaint; the USM Form 285 was returned with a "green card" showing receipt of the same at 2951 Miamisburg-Centerville Road by a "Diana Hill" on December 10, 2004 (See Doc. No. 14). On May 2, 2005, the Magistrate Judge ordered the Clerk to enter Dr. Reynolds' default, but denied Plaintiff's Motion for Default Judgement, finding "[b]efore Plaintiff can obtain a default judgment against Dr. Reynolds, he must submit proof of the damages he suffered as a result of whatever tortious violations Dr. Reynolds committed against him. Thus the motion for default judgment must be denied pending such a filing." (Decision and Order, Doc. No. 26, at 1-2) In a footnote, the Magistrate Judge analyzed Plaintiff's claims against Dr. Reynolds as sounding in medical malpractice. *Id*. at 2. Plaintiff has never made any additional filing in support of a request for default judgment.

> In the Decision and Entry remanding this matter, the District Judge writes:
>
> > Defendant Reynolds is still in default of appearance of any kind. However, the Magistrate Judge may wish to note that Plaintiff's examination by Dr. Reynolds took place on August 18, 2003, and that the captioned cause was not filed until October 21, 2004, beyond the applicable one-year statute of limitations.

(Decision and Entry, Doc. No. 79, at 4.) Assuming that Plaintiff's medical malpractice claim

3

accrued on the date he was examined by Dr. Reynolds, it would appear to be barred by the statute of limitations. A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989).

However, the Magistrate Judge is loathe to raise and adjudicate a statute of limitations defense *sua sponte* on behalf of a defaulting Defendant and against a *pro se* Plaintiff, especially given that the Complaint was filed only sixty-four days after the putative expiration of the statute and that the accrual of a medical malpractice claim can be affected by a plaintiff's discovery of his injury.

Instead, because Plaintiff has failed to file any evidence of the amount of his damages against Dr. Reynolds despite having been notified to do so almost two years ago, the Magistrate Judge believes the proper resolution is to dismiss the claims against Dr. Reynolds without prejudice for lack of prosecution. Assuming that the statute of limitations had not already run when Plaintiff filed initially in this Court, he would then have time to re-file against Dr. Reynolds.

Alternatively, the Magistrate Judges notes that subject matter jurisdiction of this Court over any medical malpractice claim by Plaintiff against Dr. Reynolds is dependent on 28 U.S.C. §1367. Since all the federal claims in the case have now been dismissed, Sixth Circuit precedent calls for the dismissal of state law claims. *Province v. Cleveland Press Publishing Co*., 787 F.2d 1047 (6th Cir. 1986).

**Conclusion**

It is therefore respectfully recommended that the Moraine Assembly Plant be dropped as a party and that Plaintiff's claims against Defendant Reynolds be dismissed without prejudice.

March 31, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).