## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MICHAEL TEREL JONES,

:

        Plaintiff,                       Case No. 3:04-cv-373

:       District Judge Walter Herbert Rice

      -vs-                          Chief Magistrate Judge Michael R. Merz

GENERAL MOTORS CORPORATION,
 et al.,

:

        Defendants.

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. No. 86).

As a post-judgment motion, it is referred to the Magistrate Judge for report and recommendations under 28 U.S.C. §636(b)(3).

Fed. R. Civ. P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

1

Plaintiff asserts the judgment in this case, entered on September 25, 2007, should be set aside for fraud on the Court, mistake, excusable neglect, newly discovered evidence, and manifest injustice.

**Fraud on the Court:**

Fed. R. Civ. P. 60(b)(3) allows relief from judgment for fraud on the court which is defined as embracing "only that species of fraud which does or attempts to subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Thompson v. Bell*, 373 F.3d 688 (6th Cir. 2004), *quoting Demjanjuk v. Petrovsky*, 10 F.3d 338, 356 (6th Cir. 1993)(quoting 7 Moore's Federal Practice and Procedure ¶ 60.33). *Demjanjuk* at 348 defines fraud on the court as (1) conduct by an officer of the court, (2) directed towards the judicial machinery itself, that is (3) intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, is (4) a positive averment or concealment when one is under a duty to disclose, and that (5) deceives the court.

In arguing this ground for relief, Mr. Jones presents no proof at all of any fraud on the Court. Instead, he reargues his own construction of the facts relating to his termination as if his version were self-evidently so correct that any opposition by Defendant would be perjury. These assertions are supported by no documentation whatsoever, nor even by any sworn statement of the Plaintiff. No fraud on the Court has been proven.

**Failure to Provide Discovery:**

Plaintiff claims he is entitled to relief from judgment because Defendant did not provide him

with discoverable evidence and in fact is "currently withholding documents which could provide incriminating evidence against the Defendants." (Motion, Doc. No. 86, at 4.)  There is no record in this case that Plaintiff ever moved to compel production of documents or otherwise complained that documents were being withheld from him.  Of course, the time to do so was prior to judgment.

**Mistake or Excusable Neglect:**

In order to be eligible for relief under Fed. R. Civ. P. 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect.  (2) That he has a meritorious claim or defense.  *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co*., 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973).  Determinations made pursuant to Fed. R. Civ. P.  60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion.  *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.,* 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

Mr. Jones alleges two mistakes which he says justify setting aside the judgment.  First of all, he claims that, because he is not a lawyer and is proceeding *pro se*, he did not know that his opposition to General Motors summary judgment motion in this case had to be sworn.  He asserts "had these documents been properly sworn and admitted, they would have provided a material issue of fact that would have advanced the cause of justice in this case.  The evidence that Mr. Jones would [have] entered directly countered defendants evidence." (Motion, Doc. No. 86, at 4.)

These arguments are unpersuasive.  When General Motors filed for summary judgment on

3

March 3, 2006, the Court expressly notified Plaintiff as follows:

> Under Fed. R. Civ. Proc. 56, a party faced with a motion for summary judgment cannot rely merely on the claims he or she has made in the Complaint, but must respond with evidence which shows that there is a genuine issue of material fact for trial in the case. The evidence must be of the same quality as would be admissible at trial in the case.

(Order to Pro Se Plaintiff, Doc. No. 65.) In recommending that summary judgment be granted, the Magistrate Judge noted that Plaintiff had failed to abide by Rule 56:

> Although Plaintiff has opposed both Motions with lengthy factual narratives, he has presented no admissible evidence in support of his positions. There is no sworn testimony by Mr. Jones or any other person, despite the Court's having advised him (Doc. No. 65) of the quality of evidence which must be submitted to avoid summary judgment. For example, Mr. Jones cites to what is apparently his own diary for a number of facts, but none of this material is sworn to, nor does it show Mr. Jones would be competent to testify to the matters asserted.

(Report and Recommendations of April 14, 2006, Doc. No. 74, at 1.) In his Objections, Plaintiff asked for thirty days to properly submit his opposition in the form required by Fed. R. Civ. P. 56 (Objections, Doc. No. 75). However, he never did so between the date of the Objections (April 21, 2006) and the date Judge Rice overruled the Objections (March 30, 2007), nearly a year later. Nor has he submitted any sworn documents now, well over two years after he was informed of the requirement to do so.

The second mistake which Mr. Jones asserts justifies relief from judgment is said to be the Court's mistake related to service on General Motors by way of service on the Moraine Assembly Plant (Motion, Doc. No. 86, at 4-5.) On remand from Judge Rice, the undersigned recommended that "Moraine Assembly Plant," which had never been shown to be *sui juris,* be dropped as a party defendant under Fed. R. Civ. P. 21 (Report and Recommendation of April 2, 2007, Doc. No. 80, at 3.) In his "Partial Opposition" (Doc. No. 80), Mr. Jones expressly agreed with this recommendation

4

on the understanding, which the parties and the Magistrate Judge had throughout the case, that General Motors was the responsible corporate entity.  Mr. Jones now says this was a mistake and the lawsuit should have been dismissed as to General Motors without prejudice (Motion, Doc. No. 86, at 4.)  However, at that point in time, Judge Rice had already ordered dismissal with prejudice, based on General Motors' summary judgment motion (Decision and Entry, Doc. No. 79).

**Manifest Injustice:**

In this section of his Motion, Mr. Jones again argues the merits of his claimed excuses for failure to appear for medical examination and consequent termination.  While he claims what General Motors submitted in support of its summary judgment motion was false and misleading, he offers no documentary evidence and no sworn testimony, as well as no reason why such evidence could not have been submitted two and one-half years ago when the motion for summary judgment was pending.

**Newly Discovered Evidence;**

Relief from judgment can be granted on the basis of newly-discovered evidence only if a party shows that the evidence could not have been discovered within the time (ten days) when a motion for new trial can be filed.  Mr. Jones has not told the Court what new evidence he has nor why he could not have discovered it by a year ago when judgment was entered.

5

## Conclusion

Plaintiff has not established any basis for reopening the judgment in this case.  His Motion for Relief from Judgment should be denied.

September 3, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).